IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| VIRGINIA REED ROBINSON, ) | Civil Action No. 1:10-2847-TLW-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| FRED STORE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pro se Plaintiff, Virginia Reed Robinson ("Robinson"), filed this action on November 3, 2010. Defendant is Fred Store, Inc. ("Fred's").[1] Robinson appears to allege claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.; the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"),[2] and the Genetic Information Nondiscrimination Act, 42 U.S.C. § 2000ff, et seq. ("GINA").[3] On August 5, 2011, Fred's filed a motion to dismiss. Robinson, because she is proceeding pro se, was advised on August 8, 2011,

---

[1] Fred's provides that it is incorrectly identified in the caption of the Complaint and its correct name is "Fred's Stores of Tennessee, Inc."

[2] Pretrial matters in this case were referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(e) and (g) DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

[3] Although Robinson asserts in the "relief" section of her Complaint (p. 7) that her rights have been violated under the ADA, ADEA, and GINA, she does not appear to discuss or assert any claims based on a disability, her age, or about a genetic test or manifestation of a disease or disorder in family members. In her Charge of Discrimination (attachment to the Complaint) filed with the Equal Employment Opportunity Commission ("EEOC"), Robinson appears to have only asserted claims of sex and race discrimination pursuant to Title VII.

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Fred's motion to dismiss could result in the dismissal of her complaint. Robinson filed a response on September 9, 2011, and Fred's filed a reply on September 19, 2011. On October 25, 2011, Robinson filed a sur-reply.[4]

Robinson's case was not in proper form for service at the time it was filed. On December 7, 2010, the undersigned ordered that Robinson bring the case into proper form by completing, signing, and returning a Form USM-285 for each defendant, and by fully, completing, signing, and dating her Answers to the Court's Special Interrogatories (which were attached to the Order), by a certain date. Doc. 7. Robinson failed to do so, and the Honorable Margaret B. Seymour, Chief United States District Judge, dismissed this action without prejudice on January 31, 2011. Doc. 11. Robinson filed a motion to reopen the case on February 11, 2011, asserting that she timely sent the information needed to bring the case into proper form to the Court, but that the Court somehow did not receive her mailing. Doc. 15. On June 13, 2011, Judge Seymour granted Robinson's motion to reopen her case. Doc. 16.[5]

## DISCUSSION

Fred's appears to contend that this action should be dismissed because the reopening of Robinson's case constituted a refiling, and the refiling was untimely as it was not within ninety days of the EEOC's Dismissal and Notice of Rights ("Right to Sue Notice"). Additionally, Fred's contends that this action should be dismissed because it has never been properly served. Robinson

---

[4]In this untimely sur-reply, Robinson argues the merits of her case, but does not specifically address any of the arguments in Fred's motion to dismiss.

[5]On October 24, 2011, this case was reassigned to the Honorable Terry L. Wooten, United States District Judge.

argues that she timely filed this action. She also appears to argue that either service was proper or that a failure to properly serve Fred's was not her fault.

1. Timeliness of Filing

Fred's contends that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it was filed more than ninety days after Robinson's Right to Sue Notice was issued.[6] The company argues that the date this action was filed was February 11, 2011, based on Robinson's motion to reopen the case on that date.

After the issuance of the right-to-sue notice, claimants have a ninety-day period, mandated by Title VII, 42 U.S.C. § 2000e-5(f), in which to file their claims. Although not jurisdictional, see Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)(Title VII filing requirements are not

---

[6]The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' "Iqbal, __ U.S. at __, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

3

jurisdictional prerequisites), the ninety-day period bars untimely actions absent equitable tolling or exceptional circumstances.

Review of the June 13, 2011 Order reveals that Judge Seymour vacated her order and judgment of January 31, 2011 (in which she dismissed this action). Thus, as this case has not been dismissed, the case was not "refiled." Rather, Robinson timely filed this action on November 3, 2010, which was within ninety days of the EEOC's issuance of the Right to Sue Notice on August 19, 2010. See Ex. A to Defendant's Motion to Dismiss (Right to Sue Notice). It is, therefore, recommended that Fred's motion to dismiss on this ground be denied.

2.  Service/Proper Defendant

Fred's contends that this action should be dismissed pursuant to Federal Rule of Civil Rule 12(b)(5) because Robinson has failed to effect sufficient service of process on it. Robinson argues that this action should not be dismissed for improper service because she included all known addresses on her USM-285 form, that the Fred's employee who signed the certified mail receipt was "known" to be an assistant manager at the store at which she worked, and it is not Robinson's fault if an unauthorized employee signed the receipt.

A motion to dismiss may be based on "insufficiency of service of process." Fed.R.Civ.P. 12(b)(5). The requirements for service of process are set forth in Federal Rule of Civil Procedure 4(c)(1), which provides that a plaintiff is responsible for serving a summons, together with a copy of the complaint, within the time allowed under Rule 4(m). Fed.R.Civ.P. 4(c)(1). Rule 4(m), in turn, prescribes a 120-day period after the filing of the complaint during which a plaintiff must effect service. Fed.R.Civ.P. 4(m). When a defendant challenges the manner or sufficiency of service of process it is "[t]he plaintiff [who] bears the burden of establishing that the service of process has been

performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003)(citing Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996)).

The Federal Rules of Civil Procedure provide, in pertinent part:

**Serving a Corporation, Partnership, or Association**. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(i). Service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Under South Carolina law, a corporation is served:

> by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

S.C.R.Civ. P. 4(d)(3). The South Carolina Rules of Civil Procedure also provide that service on a corporation may be made "by registered or certified mail, return receipt requested and delivery restricted to the addressee." S.C. R. Civ. P. 4(d)(8).

Robinson, who is proceeding in forma pauperis, completed a Form USM-285 on which she provided the following name and address for service:

>    Freds
>    12522 Main St.
>    Williston, SC 29853

Doc. 23. On July 15, 2011, Evelyn Carroll ("Carroll") an employee of Fred's at the Williston, South Carolina store location, signed the Domestic Return Receipt for the Certified Mail delivery of Plaintiff's Complaint. Id., see also Bradley McAdory Aff.

Fred's contends that service on Carroll was not proper service because she was not an agent of Fred's who was authorized to accept service. Robinson appears to argue that Carroll was an authorized agent because it was "known" that Carroll was an assistant manager of the Willison, South Carolina Fred's store where Robinson worked. Fred's contends that service on Carroll is not proper under the Federal Rules of Civil Procedure. Bradley McAdory, the Assistant General Counsel for Fred's states that Carroll is an hourly employee of Fred's and holds the job position of Service Expert. He further states that Carroll is not an officer, managing, or general agent of Fred's, and is not an agent authorized by appointment or by law to receive service of process on behalf of Fred's. McAdory Aff., Paras. 2, 4 and 5.

Robinson fails to show that she properly served Fred's as she fails to show that Carroll was an agent authorized to accept service on behalf of Fred's.[7] She argues that it is not her fault if she did not properly serve Fred's. Although the Marshal was directed to serve the Complaint, Robinson was previously informed that the Marshal cannot serve an improperly identified defendant, and that an unserved defendant may be dismissed as a party to this action. See Doc. 20. Robinson has not

---

[7] The website for the South Carolina Secretary of State does not contain a listing for "Fred's Store, Inc." The website lists the registered agent for "Fred's Stores of Tennessee, Inc." as C. T. Corporation System, 2 Office Part Court, Suite 103, Columbia, SC 29223. See South Carolina Secretary of State, http://www.scsos.com/index.asp?n=18&p=4&s=18&corporateid=73275 (last visited February 13, 2012).

shown that she properly served Fred's within 120 days of filing this action, or 120 days after the Court extended the time for her to serve Fred's (120 days from the date service was authorized on July 5, 2011- see Doc. 20). Further, Robinson did not request an extension of time to serve Fred's prior to the deadline to serve it, despite learning in the motion to dismiss that there was a possible problem with service. She has not to this date requested an extension of time to serve Fred's (with the required showing of good cause and excusable neglect).[8]

## **CONCLUSION**

Based on the foregoing, it is recommended that Defendant's motion to dismiss (Doc. 24) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

February 14, 2012
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[8]Rule 4(m) provides that a court must extend the time for service where a plaintiff who has failed to effect service within the prescribed 120-day period after the filing of the complaint shows good cause for such failure. Fed. R.Civ. P. 4(m). An extension of time may also be granted under Rule 6(b) of the Federal Rules of Civil Procedure upon a showing of excusable neglect where a plaintiff's motion for an enlargement of time to effect service is made after the 120-day period has passed.

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005)(quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).