IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Virginia Reed Robinson, )
)
                Plaintiff, )
)
vs. )       Civil Action No. 1:10-2847-TLW-JRM
)
Fred Store, Inc. )
)       **ORDER**
                Defendant. )
)
_____ )

On November 3, 2010, Plaintiff Virginia Reed Robinson, ("Plaintiff"), brought this civil action, *pro se*, asserting claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. (Title VII). (Doc. # 1). On August 5, 2011, Defendant Fred's Stores of Tennessee, Inc., ("Defendant") moved to dismiss. (Doc. # 24).

The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Joseph R. McCrorey to whom this case had previously been assigned. In the Report, the Magistrate Judge recommends that Defendant's Motion to Dismiss be granted pursuant to Federal Rule of Civil Procedure 12(b)(5) based upon Plaintiff's failure to properly serve process on Defendant. (Doc. # 43). Plaintiff filed objections to the Report as well as a supplement, in which she asks for additional time to perfect service. (Docs. # 45 and # 47). In her objections, Plaintiff states that she "was unaware of the 120 day time frame." (Doc. # 45). She further states that she was not aware of the process to be followed. (Docs. # 45 and # 47). It is undisputed that Plaintiff did serve a person associated with the Defendant who was not the proper agent for service.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the Report and the objections filed by the Plaintiff. After careful review of the Report and objections thereto, the Court chooses not to accept the Report insofar as it recommends dismissal of Plaintiff's complaint based upon inadequate service of process. (Doc. # 43).  Defendant's Motion to Dismiss is therefore **DENIED**.  (Doc. # 24).

Rule 4(m) of the Federal Rules of Civil Procedure states that "the court must extend the time for service for an appropriate period" upon a showing of good cause.

Here the Court finds the Magistrate Judge's analysis to be well-reasoned.  However, the Court is persuaded to afford this *pro se* Plaintiff one final opportunity to properly serve process in this case.  It is therefore **ORDERED** that the Plaintiff will have forty-five (45) days from the filing of this Order to serve process upon Defendant in a manner permitted by the Federal Rules of Civil Procedure.  No further extensions will be granted to perfect service in this case absent compelling circumstances.

**IT IS SO ORDERED**.


          s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge


March 13, 2012
Florence, South Carolina